UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JASON MANNION,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**APOLLO ENERGY CORPORATION, INC.,** a New Jersey corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# CLASS ACTION COMPLAINT

Plaintiff Jason Mannion ("Plaintiff Mannion" or "Mannion") brings this Class Action Complaint and Demand for Jury Trial against Defendant Apollo Energy Corporation, Inc., ("Defendant" or "Apollo Energy Company") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to consumers without consent including calls to phone numbers that are registered on the National Do Not Call Registry ("DNC") and to consumers who have expressly requested that the calls stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Mannion, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1

## PARTIES

1. Plaintiff Mannion is a resident of Havertown, Pennsylvania.

2. Defendant Apollo Energy Company is a corporation registered in New Jersey, with its headquarters located in Mount Laurel, New Jersey. Defendant Apollo Energy Company conducts business throughout this District and throughout the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in July 2023 alone, at a rate of 144.8 million per day. www.robocallindex.com (last visited August 27, 2023).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Defendant Apollo Energy Company is a solar energy brokerage that operates throughout the US.[3]

14. Defendant Apollo Energy Company places telemarketing cold calls to consumers without consent to generate business.

15. Defendant Apollo Energy Company lists cold calling as part of their job description for a Remote Account Executive, also stating that the job is for somebody who is "not afraid of the phone":

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.apolloenergycompany.com/about-us/



16. A former Remote Account Executive for Apollo Energy Company claimed that he generated over 150 leads from appointments that he set through cold calls, canvassing, and events:

17. Unfortunately, some of the calls from Apollo Energy Company are being placed to consumers that registered their phone numbers on the DNC, as per Plaintiff's experience.

---

[4] https://www.simplyhired.com/job/FHH64zf2szYFyz-uhyIYsgE03vgXrvwyEZaKWGnAzMNw2dMzUq0fZA

[5] https://www.linkedin.com/in/ryan-dellinger-a75874174/

18. To make matters worse, Apollo Energy Company lacks a sufficient opt-out system to ensure that a consumer who tells Apollo Energy Company to stop calling them will be removed from their calling list, as per Plaintiff's experience.

19. Consumers have posted complaints about unsolicited telemarketing calls that they received from the Defendant, including calls that were received after they asked for the calls to stop, such as:

- "They call multiple times...each and every day. They ask for a particular person....I ask why? And they hang up. ***I ask to be on the "do not call list"....they hang up***. They don't identify themselves, they are nasty, and ***they wont stop the harassment***. Ironically, I now started to calling their main office to waste their time, and I have seemingly been blocked. To bad I don't have a hidden number auto-dialer. I would NEVER deal with a company such as this."[6] (emphasis added)

- "I'm sure the company means well, but these guys called me 9x today and I only knew it was this company when I called the number back. Wtf is wrong with your sales team. ***Then they hang up on you when you ask them to take you off the calling list***. You solar companies are just horrible with customer service.[7] (emphasis added)

- "Constant spam calling people outside of their state. ***Refuse to add numbers to Do Not Call***. Obvious scammers."[8] (emphasis added)

20. In response to these calls, Plaintiff Mannion brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

---

[6] https://www.yelp.com/biz/apollo-energy-company-mt-laurel-township
[7] Id.
[8] Id.

## PLAINTIFF MANNION'S ALLEGATIONS

21. Plaintiff Mannion registered his cell phone number on the DNC on December 17, 2004.

22. Plaintiff Mannion uses his cell phone number for personal use only as one would use a landline telephone number in a home.

23. Plaintiff Mannion began receiving unsolicited telemarketing calls to his cell phone from Defendant Apollo Energy Company at the beginning of July 2023.

24. On July 5, 2023, Plaintiff Mannion received an unsolicited telemarketing call from Defendant Apollo Energy Company to his cell phone, from 717-296-1269.

25. Plaintiff answered the call and a person that identified as an employee of Defendant solicited the sale of a solar energy system for Plaintiff's home. Plaintiff told the employee that his phone number is registered on the DNC and demanded that his phone number be removed from Defendant's call list.

26. On July 7, 2023, Plaintiff Mannion received another unsolicited telemarketing call from Defendant Apollo Energy Company to his cell phone, from 717-685-4860. As with the call from July 5, 2023, Plaintiff answered the call and a person that identified as an employee of the Defendant solicited the sale of a solar energy system for Plaintiff's home. Plaintiff told the employee that his phone

7

number is registered on the DNC and demanded that his phone number be removed from Defendant's call list.

27. Despite a 2nd clear stop request, on July 10, 2023 at 8:08 PM, Plaintiff received a another unsolicited call from Defendant Apollo Energy Company to his cell phone, from 717-997-2802. Frustrated by the previous calls, Plaintiff Mannion answered the call and allowed the employee to begin the sales pitch for a solar energy system. The employees that Plaintiff had spoken to previously claimed that they were with Apollo Energy. To confirm the full name of the company that was calling him, Plaintiff told the employee that he wanted to confirm who Apollo is and requested an email.

28. Plaintiff provided his email address to the employee and he received an email minutes later from Kirsten Sarmiento, an Apollo Energy Company employee:



29. In response to all the calls that Plaintiff Mannion received, his attorneys sent a demand for consent letter to Defendant Apollo Energy Company at [gosolar@apolloenergycompany.com](gosolar@apolloenergycompany.com) on July 23, 2023. There has been no response from Defendant.

30. The calls that Plaintiff Mannion received from Defendant Apollo Energy Company were received more than 31 days after Plaintiff registered his cell phone number on the DNC.

31. Plaintiff Mannion has never done business with Apollo Energy Company and has never given them consent to call his phone number.

32. The unauthorized solicitation telephone calls that Plaintiff Mannion received from or on behalf of Defendant Apollo Energy Company have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

33. Seeking redress for these injuries, Plaintiff Mannion, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

34. Plaintiff Mannion brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Apollo Energy Company called more than one time, (2) within any 12-

month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Apollo Energy Company called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after the Defendant's records reflect the person requested that they stop calling.

35. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Mannion anticipates the need to amend the Class definition following appropriate discovery.

36. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c) whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

38. **Adequate Representation**: Plaintiff Mannion will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Mannion has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Mannion and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources

to do so. Neither Plaintiff Mannion nor his counsel have any interest adverse to the Classes.

39. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Mannion. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Mannion and the Do Not Registry Class)**

40. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

41. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

43. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Mannion and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

44. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Mannion and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. §

64.1200, as described above.

45. As a result of Defendant's conduct as alleged herein, Plaintiff Mannion and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

46. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Mannion and the Internal Do Not Call Class)**

47. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

48. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

49. Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls/text messages.

50. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

51. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Mannion requests a jury trial.

Respectfully Submitted,

**JASON MANNION**, individually and on behalf of all others similarly situated,

DATED this 10th day of September, 2023.

By: /s/ *Stefan Coleman*
Stefan Coleman

law@stefancoleman.com
Coleman PLLC
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\* Pro Hac Vice motion forthcoming.*